UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRE K. DAVIS,

    Plaintiff,

v.

PATRICIA CARUSO, et al.,

    Defendants.
    _____/

CASE NO. 2:07-CV-11740
JUDGE DENISE PAGE HOOD
MAGISTRATE JUDGE PAUL KOMIVES

**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTIONS
FOR INJUNCTIVE RELIEF (docket #3 and #8)**

I.    RECOMMENDATION: The Court should deny plaintiff's motion for a preliminary injunction (docket #3) and should deny plaintiff's motion for a court order requiring defendants to cease interfering with his access to the courts (docket #8).

II.    REPORT:

A.    *Procedural Background*

Plaintiff Andre K. Davis is a state prisoner who was diagnosed with T-cell Acute Lymphoblastic Leukemia on July 7, 2004. At the times most relevant to his complaint, and at the time he filed his complaint, plaintiff was incarcerated at the Southern Michigan Correctional Facility in Jackson, Michigan. This institution is now closed. Plaintiff is now incarcerated at the Gus Harrison Correctional Facility in Adrian, Michigan.

Plaintiff commenced this action on April 19, 2007, by filing a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 and the Eighth Amendment. Plaintiff alleges that defendants–various medical providers and prison officials at the Southern Michigan Correctional Facility–demonstrated

1

deliberate indifference to his serious medical needs by failing to timely provide necessary medication for a prescribed course of chemotherapy and failing to appropriately treat other medical conditions related to or aggravated by his cancer and related treatment. On February 27, 2008, plaintiff filed a motion for leave to supplement the complaint to add claims against officials at the Gus Harrison Correctional Facility alleging denial of pain medications for his back condition. The Court has yet to rule upon this motion.

This Report addressed two motions for preliminary injunctive relief filed by plaintiff. First, contemporaneous with his complaint, plaintiff filed a motion for preliminary injunction. Plaintiff's motion seeks a preliminary injunction requiring defendant to ensure that he receives the treatment and medication prescribed by his treating oncologist. Second, on July 9, 2007, plaintiff filed a motion for a court order requiring the Michigan Department of Corrections and the Southern Michigan Correctional Facility to cease interfering with his access to courts. In this motion, plaintiff alleges that officials at the Souther Michigan Correctional Facility–specifically Acting Warden Jon Ocwieja and ARUS Walters–interfered with his ability to send expedited legal mail through regulations governing the value of stamps which may be purchased by a prisoner at one time. Defendants filed a response to these motions on November 20, 2007. Defendants argue that plaintiff is not entitled to injunctive relief against Ocwieja and Walters because they are not parties to this action and that plaintiff is not entitled to injunctive relief against defendants Caruso and Burt because they had no personal involvement in the alleged deprivations of plaintiff's constitutional rights. Defendants further argue that, in light of plaintiff's transfer to the Gus Harrison Correctional Facility, his claims for injunctive relief are moot. Plaintiff filed a reply on January 7, 2008. For the reasons that follow, the Court should deny plaintiff's motions for injunctive relief.

B.  *Legal Standard*

"In the exercise of its discretion with respect to a motion for preliminary injunction, a district court must give consideration to four factors: '(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction.'" *American Civil Liberties Union of Ky. v. McCreary County, Ky.*, 354 F.3d 438, 445 (6th Cir. 2003) (quoting *Rock and Roll Hall of Fame & Museum, Inc. v. Gentile Prods.*, 134 F.3d 749, 753 (6th Cir.1998)); *see also*, *Taubman Co. v. Webfeats*, 319 F.3d 770, 774 (6th Cir. 2003).

"'The four considerations applicable to preliminary injunction decisions are factors to be balanced, not prerequisites that must be met.'" *Hamad v. Woodcrest Condominium Ass'n*, 328 F.3d 224, 230 (6th Cir. 2003) (quoting *Michigan Bell Tel. Co. v. Engler*, 257 F.3d 587, 592 (6th Cir.2001)); *see also*, *Taubman Co.*, 319 F.3d at 774. Notwithstanding this balancing approach, however, the likelihood of success and irreparable harm factors predominate the preliminary injunction inquiry. Thus, "[a]lthough no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. National Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000); *see also*, *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997) ("While, as a general matter, none of these four factors are given controlling weight, a preliminary injunction issued where there is simply no likelihood of success on the merits must be reversed.").

Further, as the Supreme Court has held, "[t]he basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies." *Beacon Theatres, Inc. v.*

*Westover*, 359 U.S. 500, 506-07 (1959). Thus, "[t]he threat of irreparable harm is a sine qua non for granting preliminary injunctive relief." *Christie-Spencer Corp. v. Hausman Realty Co., Inc.*, 118 F. Supp. 2d 408, 423 (S.D.N.Y. 2000); *accord Patio Enclosures, Inc. v. Herbst*, 39 Fed. Appx. 964, 967 (6th Cir. 2002); *see also*, *Friendship Materials, Inc. v. Michigan Brick, Inc.*, 679 F.2d 100, 105 (6th Cir. 1982) ("A district court abuses its discretion when it grants a preliminary injunction without making specific findings of irreparable injury to the party seeking the injunction.").

Plaintiffs bear the burden of demonstrating their entitlement to a preliminary injunction, and their burden is a heavy one. "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). "[T]he proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion." *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). Thus, plaintiffs may not merely point to genuine issues of material fact which exist, but must affirmatively demonstrate their entitlement to injunctive relief.

With respect to the likelihood of success factor, plaintiffs need not show that they are sure to prevail on any of their claims. However, they must, "at a minimum, show[] serious questions going to the merits and irreparable harm which decidedly outweighs any potential harm to the defendant if the injunction is issued." *Six Clinics Holding Corp. v. Cafcomp Sys., Inc.*, 119 F.3d 393, 400 (6th Cir. 1997) (internal quotation omitted); *see also*, *Gaston Drugs, Inc. v. Metropolitan Life Ins. Co.*, 823 F.2d 984, 988 & n.2 (6th Cir. 1987). With respect to the harm factor, the harm that would result in the absence of the injunction must be irreparable, not merely substantial. As the Supreme Court has noted,

4

> "The key word in this consideration is *irreparable*. Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm."

*Sampson v. Murray*, 415 U.S. 61, 90 (1974) (quoting *Virginia Petroleum Jobbers Ass'n v. FPC*, 259 F.2d 921, 924 (D.C. 1958)). In short, "[a] plaintiff's harm from the denial of a preliminary injunction is irreparable if it is not fully compensable by monetary damages." *Overstreet*, 305 F.3d at 578. In evaluating the harm facing the plaintiffs, the Court must evaluate three factors: "(1) the substantiality of the injury alleged, (2) the likelihood of its occurrence, and (3) the adequacy of the proof provided." *Ohio ex rel. Celebrezze v. Nuclear Regulatory Comm'n*, 812 F.2d 288, 290 (6th Cir. 1987).

Finally, in addition to these four factors which govern all preliminary injunctions, plaintiffs' suit challenging the conditions of confinement is subject to § 802 of the Prison Litigation Reform Act, which in relevant part provides:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2).[1]

C.  *Analysis*

---

[1] The referenced principles of comity prevent a court from ordering "any prospective relief that requires or permits a government official to exceed his or her authority under State or local law or otherwise violates State or local law, unless–(i) Federal law requires such relief to be ordered in violation of State or local law; (ii) the relief is necessary to correct the violation of a Federal right; and (iii) no other relief will correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(B).

Here, the Court need not balance the four factors relevant to the preliminary injunction inquiry because plaintiff's request for preliminary injunctive relief is moot.[2] In his two motions, petitioner complained that he was being denied treatment prescribed by his treating oncologist and being denied the ability to expeditiously send legal mail by officials at the Southern Michigan Correctional Facility. However, he is no longer incarcerated at that facility, and is not under the care or custody of any of the officials identified in his preliminary injunction motions. Further, it appears that plaintiff has completed his prescribed course of chemotherapy, and plaintiff has provided nothing to show that he is still being denied treatment prescribed by his oncologist or the ability to send legal mail. It is well established that "[a] prisoner's transfer to a different correctional facility generally moots his request for injunctive relief against employees of the transferor facility." *Thompson v. Carter*, 284 F.3d 411, 415 (2d Cir. 2002); *see also*, *Incumaa v. Ozmint*, 507 F.3d 281, 286-87 (4th Cir. 2007) (citing cases from Second, Third, and Eighth Circuits); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). Because plaintiff is no longer subject to the care of the officials he claims were denying him his ability to send legal mail and receive the treatment prescribed by his treating oncologist, his requests for preliminary injunctive relief are moot. *See Candelaria v. Coughlin*, 787 F. Supp. 368, 378 (S.D.N.Y.), *aff'd*, 979 F.2d 845 (2d Cir. 1992).[3]

---

[2]In making their mootness argument, defendants rely on the Sixth Circuit's unpublished decision in *Goldsborough v. Carlson*, No. 88-5656, 863 F.2d 48, 1988 WL 125368 (6th Cir. Nov. 25, 1988). As plaintiff correctly notes, it was inappropriate for defendants to rely on this case without attaching a copy of the decision to their brief, *see* 6TH CIR. R. 28(g) (allowing citation of unpublished opinions in the Sixth Circuit and district courts only where the party citing the decision "serves a copy thereof on all other parties in the case and on th[e] Court."), particularly in light of the fact that plaintiff is a *pro se* prisoner with no access to electronic legal databases. In the analysis which follows, I do not rely on *Goldsborough* or any other unpublished decision.

[3]Of course, plaintiff's transfer does not moot his entire case, because plaintiff's request for monetary damages presents a live controversy notwithstanding his transfer. *See Boag v. MacDougall*, 454 U.S. 364, 364 (1982) (per curiam).

In his motion for leave to supplement the complaint, petitioner does allege that he is being denied pain medication to treat his back condition. However, these allegations in the proposed supplemental complaint do not suffice to entitle plaintiff to preliminary injunctive relief for several reasons. First, the Court has not yet ruled on this recently filed motion, and thus none of the officials who could be enjoined on the basis of the allegations in the supplemental complaint are, at this time, parties to this action. Rule 65(d) of the Federal Rules of Civil Procedure, which governs motions for preliminary injunctions, provides, in part: "Every order granting an injunction and every restraining order ... is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise." "It is elementary that one is not bound by a judgment in *personam* resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process." *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 395 U.S. 100, 110 (1969) (citation omitted). A court is powerless to adjudicate a personal claim against a party unless it has jurisdiction over the party, and even a party who is alleged to be in concert or participation is to be accorded a hearing for a determination of his role in the matter before a determination is made that the party is subject to the injunction. *See id.* at 112; *Ron Matusalem & Matusa, Inc. v. Ron Matusalem, Inc.,* 872 F.2d 1547, 1554 (11th Cir.1989). Thus, the Court cannot subject the proposed new defendants to an injunction until plaintiff is permitted to add them as defendants and they are served in accordance with Rule 4 of the Federal Rules of Civil Procedure.

Second, plaintiff has presented no evidence which would satisfy his heavy burden of demonstrating an entitlement to preliminary injunctive relief against the officials at the Gus Harrison

Correctional Facility. All of the evidence submitted by the parties, in connection with both plaintiff's injunction motions and defendants' pending motion for summary judgment and attached to plaintiff's complaint, relate to the medical treatment he received at the Southern Michigan Correctional Facility in relation to his leukemia. Apart from the allegations in his proposed supplemental complaint, which do not constitute evidence, there is no evidence in the record regarding the treatment plaintiff has received at the Gus Harrison Correctional Facility.[4] Further, the claims asserted in the proposed supplemental complaint differ in fundamental respects from the claims asserted in the original complaint. The claims asserted in the original complaint relate primarily to the defendants' alleged failure to provide him the chemotherapy treatment prescribed by his oncologist or their delays in doing so. The claims in the supplemental complaint, however, do not related to his prescribed chemotherapy, which appears to have been completed, but to the proposed new defendants' treatment of his back condition. And, with respect to these proposed defendants, plaintiff's complaint seems to focus on their inadequate treatment of plaintiff's condition, rather than on their failure to follow a course of treatment previously prescribed by plaintiff's treating specialist. Although both sets of allegations raise Eighth Amendment deliberate indifference claims, the claims are fundamentally different.[5] "If the plaintiff[] desire[s], [he] may

---

[4]Some of the claims in the proposed supplemental complaint relate to actions taken by officials at the G. Robert Cotton Correctional Facility, where plaintiff was housed for two days between his incarceration at the Southern Michigan Correctional Facility and the Gus Harrison Correctional Facility. Any requests for injunctive relief regarding his treatment at the Cotton Correctional Facility are moot for the same reasons as are plaintiff's requests for injunctive relief regarding his treatment at the Southern Michigan Correctional Facility.

[5]For instance, some cases find deliberate indifference where, without more, "prison officials and doctors deliberately ignore the express orders of a prisoner's prior physician for reasons unrelated to the medical needs of the prisoner." *Wakefield v. Thompson*, 177 F.3d 1160, 1165 (9th Cir. 1999) (internal quotation omitted). A prisoner claiming that the treatment actually prescribed is inadequate, however, faces a higher hurdle: "A prisoner's dissatisfaction with a

renew [his] motion for such relief when [he] can provide additional information to the court [regarding his current treatment at the Gus Harrison Correctional Facility]." *Laube v. Haley*, 234 F. Supp. 2d 1227, 1243 (M.D. Ala. 2002). "Until the plaintiff[] provide[s] such information, however, the court cannot find a substantial likelihood exists [he] will meet [the elements] of [his] Eighth Amendment claim," *id.*, or that he will suffer irreparable harm in the absence of an injunction.

D. *Conclusion*

Because (a) the Court has no jurisdiction at this time over the Gus Harrison Correctional Facility officials; (b) in any event, there is no evidence in the record at this time which would support the issuance of a preliminary injunction with respect to plaintiff's treatment at the Gus Harrison Correctional Facility; and (c) plaintiff's request for injunctive relief against the officials at the Southern Michigan Correctional Facility has been rendered moot by his transfer, the Court should deny plaintiff's motions for preliminary injunctive relief.

III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not

---

doctor's prescribed course of treatment does not give rise to a constitutional claim unless the medical treatment is so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate the prisoner's condition." *Snipes v. Detella*, 95 F.3d 586, 592 (7th Cir. 1996) (internal quotation omitted).

preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives<br>
PAUL J. KOMIVES<br>
UNITED STATES MAGISTRATE JUDGE

Dated: 3/4/08

---

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on March 4, 2008.

s/Eddrey Butts<br>
Case Manager