UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRE DAVIS,

    Plaintiff,

                       CASE NO. 07-CV-11740-DT
                       JUDGE DENISE PAGE HOOD
                       MAGISTRATE JUDGE PAUL J. KOMIVES

  v.

PATRICIA CARUSO, ROBERT M. WESTWOOD,
GERALD COVERT, THERESA MERLING,
BETH GARDON, CONNIE IVES,
PEGGY LEE, SHERRY BURT,
LARRY MCMILLAN, DEBBIE ROTH,
BETTY GLASPER, CHRISTINA PEREZ,
MICHAEL STUPAREK, DAVID KOMJATHY,
AUDBERTO ANTONINI and
CORRECTIONAL MEDICAL SERVICE,

    Defendants.
                                    /

**REPORT AND RECOMMENDATION REGARDING
PLAINTIFF'S SECOND MOTION FOR A PRELIMINARY INJUNCTION (Doc. Ent. 54)**

**I.    RECOMMENDATION:** The Court should deny plaintiff's second motion for a preliminary injunction (Doc. Ent. 54) without prejudice to plaintiff renewing his request for a preliminary injunction if the Court grants plaintiff's motions to amend his complaint and obtains jurisdiction over those persons whom plaintiff seeks to enjoin.

**II.    REPORT:**

**A.    Background**

On April 19, 2007, while incarcerated at Southern Michigan Correctional Facility (JMF), plaintiff filed this 154-paragraph, verified, pro se prisoner civil rights complaint against sixteen (16) defendants. Doc. Ent. 1-4 at 46. Section I of the complaint (¶¶ 1-25) concerns Chippewa

Correctional Facility (URF); Section II of the complaint (¶¶ 26-101) concerns Cotton Correctional Facility (JCF); and Section III of the complaint (¶¶ 102-154) concerns Southern Michigan Correctional Facility (JMF). Plaintiff's complaint is based upon the Eighth Amendment deliberate indifference to a serious medical need and First Amendment access to courts and retaliation. He seeks compensatory damages, punitive damages and injunctive relief. Doc. Ent. 1 at 5.

Plaintiff is currently incarcerated at Muskegon Correctional Facility (MCF). Doc. Ent. 86. Judge Hood has referred this case to me to conduct pretrial matters. The Attorney General has filed an appearance on behalf of twelve (12) defendants: Caruso, Covert, Merling, Gardon, Ives, Lee, Burt, McMillan, Roth, Perez, Stuparek and Glasper. Doc. Entries 12, 32, 50. Appearances have also been filed on behalf of Westwood, Antonini and CMS. Doc. Entries 74 and 75. It appears that David Komjathy has not been served with this lawsuit. Doc. Entries 21, 33.[1]

**B.      Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order**

On April 19, 2007, plaintiff filed a motion for preliminary injunction and temporary restraining order. Doc. Ent. 3. On July 9, 2007, plaintiff filed a motion for court order requiring JMF in particular and MDOC in general to cease interfering/impeding plaintiff's access to his legal property and his access to the courts by not forcing him to write a grievance to send out legal mail. Doc. Ent. 8.

On March 4, 2008, I entered a report and recommendation on plaintiff's motions for injunctive relief. Doc. Ent. 55. Specifically, I recommended that the Court deny plaintiff's motion

---

[1] According to plaintiff's complaint, Komjathy is contracted by CMS. Doc. Ent. 1 at 2. On January 9, 2008, I entered an order requiring plaintiff to provide current addresses for Westwood, Komjathy and Antonini. Doc. Ent. 46. On March 31, 2008, plaintiff provided the Court with an address for CMS, Antonini, Komjathy and Westwood. Doc. Ent. 66. Thereafter, appearances were entered on behalf of CMS, Antonini and Westwood. Doc. Ent. 74-75.

for a preliminary injunction and deny plaintiff's motion for a court order requiring defendants to cease interfering with his access to the courts. Doc. Ent. 55 at 1. On March 28, 2008, Judge Hood entered an order adopting my report and recommendation, denying plaintiff's motion for injunctive relief, and denying plaintiff's motion for order requiring defendants to cease interfering with his access to the courts. Doc. Ent. 65.

## C. Plaintiff's Second Motion for Preliminary Injunction

Among the motions pending before the Court is plaintiff's February 26, 2008 second motion for preliminary injunction. Doc. Ent. 54. Plaintiff requests the Court to:

> . . . enjoin defendants from refusing to take him for follow-up appointments with the specialist who performed the emergency surgery on his lower-back and placed the hardware; refusing to provide Plaintiff with physical therapy in prevention of him becoming even more crippled from excessive stiffening of his lower-back; refusing to provide Plaintiff with any pain medication nor assessing his symptomology from abrupt severance of high dosage, prolonged opiate/morphine dependence from which he still suffers withdrawal symptoms of hay-fever like headaches, sneezing, itchy eyes, runny nose, muscle cramps, in addition to the chronic pain from having foreign objects placed on/in his vertebra.

Doc. Ent. 54 at 2.

On June 9, 2008, defendants CMS, Westover and Antonini sought an enlargement of time within which to respond to plaintiff's motion. Doc. Ent. 78. I granted this motion on June 10, 2008, setting the response deadline for June 30, 2008. Doc. Ent. 79.

On June 12, 2008, defendants CMS, Westover and Antonini filed a response in which they argue that plaintiff's motion for a preliminary injunction should not be granted. Doc. Ent. 80 at 4. Defendants assert that "the balance of the factors favors not granting Plaintiff's motion for a preliminary injunction." Doc. Ent. 80 at 14. On June 19, 2008, MDOC defendants (Caruso, Covert,

Merling, Gardon, Ives, Lee, Burt, McMillan, Perez, Stuparek, Roth and Glasper) filed a concurrence with defendants CMS, Westover and Antonini's resposne. Doc. Ent. 81.

**D.      Analysis**

**a.**      Plaintiff's second motion for a preliminary injunction seeks to enjoin defendants "[f]rom continuing to deny him adequate medical care where,

> . . . between the date of his first request for a preliminary injunction and the date of this motion [he] has suffered irreparable harm in the form of permanent injury to his lower back and continues to suffer maltreatment in the form of being removed from all pain medication "cold turkey" after he took Morphine in large doses for close to 2 ½ - 3 years, and after he has undergone major back surgery with no aftercare or treatment plan, no follow-up appointment with the surgeon-specialist, 3 falls requiring ambulance trips to the emergency room, no medical accommodations for his back-brace, for a bottom bunk, for an air mattress, for a handicap assistant, for physical therapy.

Doc. Ent. 54 at 1. According to plaintiff, he "had 6 screws and a cage placed in his lower (L3-L5) discs in the lower back on December 3, 2007 due to a medical crisis from being removed from prolonged, high dosage Morphine dependence causing him to fall, hit his head, have a seizure and rupture a disc." Doc. Ent. 54 at 2. In support of his motion for a preliminary injunction, plaintiff also relies upon the verified arguments within his motion to file a supplemental complaint. Doc. Ent. 54 at 2. Among the motions currently pending are a February 27, 2008 motion for leave to file supplemental complaint (Doc. Ent. 53) and a March 13, 2008 motion for leave to file supplemental (amended) complaint (Doc. Ent. 59).

**b.**      To begin, defendants argue that plaintiff's February 26, 2008 second motion for a preliminary injunction is based upon alleged improper treatment plaintiff received at URF, JCF and JMF. Because plaintiff has transferred to ARF, defendants argue, "his request for injunctive relief becomes moot." Doc. Ent. 80 at 8 (citing *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) ("to the

extent Kensu seeks declaratory and injunctive relief his claims are now moot as he is no longer confined to the institution that searched his mail.")). Defendants argue that plaintiff's second motion for preliminary injunction should be denied as moot. Doc. Ent. 80 at 8.

Defendants also argue that, to the extent the instant motion is based upon allegations concerning plaintiff's treatment at ARF, "the Motion is improperly before the Court, as Plaintiff's Complaint makes no allegations regarding his care at [ARF]." Doc Ent. 80 at 8-9.

**c.** Furthermore, defendants contend that plaintiff does not meet the criteria for entry of a preliminary injunction. Doc. Ent. 80 at 9-14. As defendants point out:

> In deciding whether to grant or deny a preliminary injunction, the Court must balance four well-known factors. These factors are:
>
> 1. Whether the plaintiff has shown a strong or substantial likelihood of success on the merits;
>
> 2. Whether the plaintiff has shown irreparable injury;
>
> 3. Whether the issuance of a preliminary injunction would cause substantial harm to others; and
>
> 4. Whether the public interest would be served by issuing a preliminary injunction.
>
> *Forry, Inc. v. Neundorfer, Inc.*, 837 F.2d 259, 262 (6th Cir.1988); *Mason County Medical Association v. Knebel*, 563 F.2d 256, 261 (6th Cir.1977).

*Phillips v. Michigan Department of Corrections*, 731 F.Supp. 792, 798 (W.D. Mich. 1990). Defendants also point out that "the four considerations applicable to preliminary injunction decisions are factors to be balanced, not prerequisites that must be met." *In re DeLorean Motor Co.*, 755 F.2d 1223, 1228 (6th Cir. 1992).

As to the first factor, defendants contend with that "there can be no serious dispute that Plaintiff has been provided continuing treatment for his T-cell acute lymphoblastic leukemia. While

Plaintiff may not be happy with the nature or extent of the treatment or with the manner in which it is provided, such dissatisfaction does not give rise to a cause of action for deliberate indifference." Doc. Ent. 80 at 10 (citing *Estelle v. Gamble*, 429 U.S. 97, 107 (1976)). Defendants further contend that "Plaintiff also fails to state a claim as to any Eighth Amendment violation as to Defendant, CMS. Plaintiff cites no specific CMS policies or procedures violating Plaintiff's civil rights." Doc. Ent. 80 at 11.

As to the second factor, defendants contend that "[p]laintiff has not presented clear evidence that his condition has worsened or has caused irreparable injury at this time. He has presented no evidence of immediate, permanent injury if he is not immediately treated. Indeed, the documentation that Plaintiff has submitted to the Court thus far shows that he has received treatment, including treatment within the MDOC as well as with specialists outside of the MDOC system." Doc. Ent. 80 at 11-12.

As to the third factor, defendants contend that "the harm done to the disruption of the [MDOC] medical program outweighs the harm to Mr. Davis, when he cannot even present any evidence of the harm he claims will occur without the injunction. The need for treatment can be resolved as part of the current case; there is no emergency requiring immediate treatment." Noting the MDOC Kite procedure for requesting medical care, and stating that "[t]he individual medical providers do not have the authority to overrule the medical staff when they are clearly following medical procedures that have been put in place by the MDOC[,]" defendants further assert that "[p]laintiff's request will cause undue harm to the medical policies and procedures in place and will upset the process to request medical care." Doc. Ent. 12.

As to the fourth factor, defendants contend that "[h]arm to the public interest if the injunction issues would occur because Plaintiff is attempting to force an injunction on the medical program for the [MDOC], which will have a detrimental effect upon other inmates seeking medical treatment as medical services, supplies, personnel, etc. are diverted due to Plaintiff's claims." Defendants further contend that "[t]he preliminary injunction requested by Plaintiff would unnecessarily intrude into the daily operation of the institution in question." Doc. Ent. 13. Within its discussion of the fourth factor, defendants mention principles of equity and contend that, "if granted, Plaintiff should be required to post a bond to the degree that his financial situation allows same, just as in pro per inmate litigants are allowed to pay filing and other court fees on a payment basis." Doc. Ent. 80 at 14.

**d.** First, the Court should consider whether, as defendants argue, plaintiff's second motion for a preliminary injunction is moot. Plaintiff's April 19, 2007 complaint, the original and current complaint, is based upon treatment plaintiff received while incarcerated at URF, JCF and JMF. Doc. Ent. 1. Thereafter, on July 25, 2007, plaintiff was transferred from JMF to JCF, and on July 27, 2007, plaintiff was transferred from JCF to the Gus Harrison Correctional Facility (ARF). Doc. Ent. 58 at 2. On or about August 20, 2007, plaintiff was transferred from JMF to Gus Harrison Correctional Facility (ARF). Doc. Ent. 9.

As previously noted, plaintiff's February 26, 2008 second motion for a preliminary injunction is based upon a back injury, the discontinuation of his pain medication, his December 3, 2007 back surgery, the lack of follow up care and three falls requiring ambulance trips. Doc. Ent. 54 at 1-2. Other than stating that his second motion for a preliminary injunction is based upon harm occurring "between the date of his first request for a preliminary injunction and the date of this

7

motion[,]" plaintiff only provides the date for his surgery - December 3, 2007. Doc. Ent. 54 at 1-2.

However, the time period for the facts underlying plaintiff's second motion for a preliminary injunction can be discerned through examination of plaintiff's two pending motions to amend his complaint. Within plaintiff's February 27, 2008 motion for leave to file supplemental complaint (Doc. Ent. 53), plaintiff seeks to add several defendants, among whom are individuals located at ARF. The proposed supplemental complaint addresses facts ranging from plaintiff's July 25, 2007 transfer from JMF to JCF to February 2008. Doc. Ent. 53 at 3-16. It mentions, *inter alia*, that plaintiff had back surgery on December 3, 2007; the December 20, 2007 "cold turkey" removal from Morphine; and falls that plaintiff took. Doc. Ent. 53 at 12, 14, 16.

The March 13, 2008 "amended complaint" (Doc. Ent. 58), accompanied by a motion for leave to file supplemental (amended) complaint (Doc. Ent. 59), seeks to add several defendants, among whom are individuals employed at ARF. Doc. Ent. 58 at 2 ¶ 158. Furthermore, the facts underlying the proposed amended complaint range from July 25, 2007 - March 7, 2008. Doc. Ent. 58 at 2-10. It also mentions, *inter alia*, plaintiff's December 3, 2007 back surgery; his December 20, 2007 "cold turkey" removal from Morphine; and falls that plaintiff took, the last of which occurred on January 6, 2008. Doc. Ent. 58 at 8, 9.

Reading plaintiff's second motion for a preliminary injunction together with plaintiff's two pending motions to amend his complaint, it appears that the enjoinment plaintiff seeks is distinguishable from the time and persons underlying plaintiff's April 19, 2007 complaint. As for the distinction in time, on or about August 20, 2007, plaintiff was transferred to ARF. Doc. Ent. 9. The date of the fall resulting in plaintiff's need for back surgery is unclear; however, it appears to

8

have occurred during Fall 2007. I arrive at this conclusion based upon plaintiff's claim that "he was told by Neuro-surgeon Dr. Harish Rawal that the fall caused a disc in his back to rupture and he was going to need surgery, but that he also had herniated discs (either above or below the ruptured disc that would eventually need surgery as well[,]" and that Axelson visited plaintiff on November 27, 2007, while he was at Foote Hospital. Doc. Ent. 58 at 7. Then, plaintiff clearly avers that his surgery occurred on December 3, 2007, and that he "returned to ARF on December 10, 2007[.]" Doc. Ent. 38 at 8. Plaintiff also clearly avers that his "cold-turkey" removal from Morphine occurred on December 20, 2007 and that the last of his falls occurred on January 6, 2008. Doc. Ent. 58 at 9. It appears that plaintiff was still incarcerated at ARF at this time, because he claims he was taken to Bixby E.R. Doc. Etn. 58 at 9. There is a Bixby Medical Center in Adrian, Michigan. See www.yellowpages.com. In sum, the events underlying plaintiff's April 19, 2007 complaint occurred at URF, JCF and JMF; the events underlying plaintiff's February 26, 2008 second motion for a preliminary injunction relate to items which post-date the April 19, 2007 complaint; and the events underlying the instant motion appear to involve treatment plaintiff received while incarcerated at ARF.

As for the distinction with persons, plaintiff's second motion for a preliminary injunction seeks to enjoin defendants from "refusing to take him for follow-up appointments with the specialist who preformed the emergency surgery[,]" "refusing to provide Plaintiff with physical therapy[,]" and "refusing to provide Plaintiff with any pain medication [or] assessing his symptomology[,]" Doc. Ent. 54 at 2. It appears that the "defendants" sought to be enjoined by plaintiff's second motion for a preliminary injunction are the ARF defendants plaintiff proposes to add - Anil Prasad,

9

M.D.; Savithri Kakani, P.S./THA; Brian Douglas, R.N., Health Unit Manager; Tammy Rothhaar, R.N.; and Lois Turbett, R.N. Doc. Ent. 53 at 2; Doc. Ent. 58 at 2 ¶ 158.

Here, it appears that plaintiff seeks to enjoin parties who are not properly before the Court - in other words, persons over whom the Court does not have personal jurisdiction. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110 (1969) ("The consistent constitutional rule has been that a court has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant."). Injunctions and restraining orders are governed by Fed. R. Civ. P. 65. In part, Rule 65 provides that "[t]he order binds only the following who receive actual notice of it by personal service or otherwise: (A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B)." Fed. R. Civ. P. 65(d)(2). Therefore, the Court should conclude that the injunction plaintiff seeks would not be binding upon defendants who are not parties to this case. *United States v. Kirschenbaum*, 156 F.3d 784, 795 (7th Cir. 1998) ("The district court's attempt to enjoin Mrs. Kirschenbaum and other third-parties over whom the court had no personal jurisdiction is void and so binding on no one."); *In re Estate of Ferdinand Marcos Human Rights Litigation*, 94 F.3d 539, 545 (9th Cir. 1996) ("In order to determine whether the attempt to enjoin the Republic was futile, we must examine whether the district court could have personal jurisdiction over the Republic.").[2]

---

[2]To be sure, the MDOC is not a defendant in this case. Therefore, this report and recommendation does not consider whether, if an injunction were issued to MDOC, the proposed ARF defendants would be bound by the injunction. *United States v. Hochschild*, 977 F.2d 208, 212 (6th Cir. 1992) ("courts more often have held that officers or employees of corporate and business entities are subject to in personam jurisdiction for purposes of contempt if they have notice of the injunction and its contents.").

If the Court agreed with this conclusion, then it should enter an order denying plaintiff's motion for a preliminary injunction without prejudice to plaintiff renewing his request for a preliminary injunction if the Court grants either of plaintiff's motions to amend his complaint.

**e.** Second, defendant argues that plaintiff has not met the criteria for entry of the relief requested. Doc. Ent. 80 at 9-14. Although I have reviewed plaintiff's second motion for a preliminary injunction (Doc. Ent. 54) and defendants CMS, Westover and Antonini's response (Doc. Ent. 80), I conclude that the Court need not address the propriety of an entry of preliminary injunction in light of my foregoing conclusion that such relief, if granted, would not be binding.

### III.   NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231, American Federation of Teachers*, AFL-CIO, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length

unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

<pre>
                                                s/ PAUL J. KOMIVES                            
                                                PAUL J. KOMIVES
                                                UNITED STATES MAGISTRATE JUDGE
Dated: September 17, 2008
</pre>

      I hereby certify that a copy of the foregoing document was served upon counsel of record and Andre Davis, Reg. No. 198028, Gus Harrison Correctional Facility, 2727 E. Beecher St., Adrian, MI 49221 on September 17, 2008, by electronic and/or ordinary mail.

<pre>
                                                S/William F. Lewis                            
                                                Case Manager
</pre>