UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRE DAVIS,

    Plaintiff,

                        CASE NO. 07-CV-11740-DT
                        JUDGE DENISE PAGE HOOD
                        MAGISTRATE JUDGE PAUL J. KOMIVES

   v.

PATRICIA CARUSO, ROBERT M. WESTWOOD,
GERALD COVERT, THERESA MERLING,
BETH GARDON, CONNIE IVES,
PEGGY LEE, SHERRY BURT,
LARRY MCMILLAN, DEBBIE ROTH,
BETTY GLASPER, CHRISTINA PEREZ,
MICHAEL STUPAREK, DAVID KOMJATHY,
AUDBERTO ANTONINI and
CORRECTIONAL MEDICAL SERVICE,

    Defendants.
                               /

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE
SUPPLEMENTAL COMPLAINT [Doc. Ent. 53] and DENYING MOTION FOR LEAVE
TO FILE SUPPLEMENTAL (AMENDED) COMPLAINT [Doc. Ent. 59]**

**I.    OPINION**

**A.    Background**

On April 19, 2007, while incarcerated at Southern Michigan Correctional Facility (JMF), plaintiff filed this 154-paragraph, verified, pro se prisoner civil rights complaint against sixteen (16) defendants. Section I of the complaint (¶¶ 1-25) concerns Chippewa Correctional Facility (URF); Section II of the complaint (¶¶ 26-101) concerns Cotton Correctional Facility (JCF); and Section III of the complaint (¶¶ 102-154) concerns Southern Michigan Correctional Facility (JMF). Plaintiff's complaint is based upon the Eighth Amendment deliberate indifference to a serious

medical need and First Amendment access to courts and retaliation. He seeks compensatory damages, punitive damages and injunctive relief. Doc. Ent. 1 at 5.

Plaintiff is currently incarcerated at Muskegon Correctional Facility (MCF).[1] Judge Hood has referred this case to me to conduct pretrial matters. The Attorney General has filed an appearance on behalf of twelve (12) defendants: Caruso, Covert, Merling, Gardon, Ives, Lee, Burt, McMillan, Roth, Perez, Stuparek and Glasper. Doc. Entries 12, 32, 50. Appearances have also been filed on behalf of Westwood, Antonini and CMS. Doc. Entries 74 and 75. It appears that David Komjathy has not been served with this lawsuit. Doc. Entries 21, 33.[2]

**B.      Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order**

On April 19, 2007, plaintiff filed a motion for preliminary injunction and temporary restraining order. Doc. Ent. 3. On July 9, 2007, plaintiff filed a motion for court order requiring JMF in particular and MDOC in general to cease interfering/impeding plaintiff's access to his legal property and his access to the courts by not forcing him to write a grievance to send out legal mail. Doc. Ent. 8.

On March 4, 2008, I entered a report and recommendation on plaintiff's motions for injunctive relief. Doc. Ent. 55. Specifically, I recommended that the Court deny plaintiff's motion for a preliminary injunction and deny plaintiff's motion for a court order requiring defendants to cease interfering with his access to the courts. Doc. Ent. 55 at 1. On March 28, 2008, Judge Hood entered an order adopting my report and recommendation, denying plaintiff's motion for injunctive

---

[1]*See* www.michigan.gov/corrections, "Offender Search."

[2]According to plaintiff's complaint, Komjathy is contracted by CMS. Doc. Ent. 1 at 2. On January 9, 2008, I entered an order requiring plaintiff to provide current addresses for Westwood, Komjathy and Antonini. Doc. Ent. 46. On March 31, 2008, plaintiff provided the Court with an address for CMS, Antonini, Komjathy and Westwood. Doc. Ent. 66.

2

relief, and denying plaintiff's motion for order requiring defendants to cease interfering with his access to the courts. Doc. Ent. 65.

**C.     Pending Reports and Recommendations**

Currently pending before Judge Hood are two reports and recommendations regarding dispositive motions filed by the plaintiff. First, on September 17, 2008, I entered a report and recommendation that the Court deny plaintiff's second motion for a preliminary injunction (Doc. Ent. 54) without prejudice to plaintiff renewing his request for a preliminary injunction if the Court grants plaintiff's motions to amend his complaint and obtains jurisdiction over those persons whom plaintiff seeks to enjoin. Doc. Ent. 88.

Second, on the same day I entered a report and recommendation that the Court grant in part and deny in part the MDOC defendants' November 29, 2007 motion for dismissal and/or summary judgment (Doc. Ent. 37) and that the Court grant plaintiff's motion to voluntarily dismiss defendant Perez (Doc. Ent. 60) but in addition grant the defense request to make this a dismissal with prejudice. Doc. Ent. 89.

**D.     The Instant Motions**

On February 27, 2008, plaintiff filed a seventeen-page document, comprised of a one-page motion for leave to file supplemental complaint; a one page list of "Proposed Defendants for Supplemental Complaint;" and a fifteen-page "Proposed Supplemental Complaint Adding Events, Occurrences and Defendants." Doc. Ent. 53.

On March 13, 2008, plaintiff filed several items, including a one-page motion for leave to file supplemental (amended) complaint (Doc. Ent. 59) and an eleven-page "amended complaint" (Doc. Ent. 58).[3]

On March 21, 2008, several defendants filed a motion for enlargement of time to file a response to certain documents, including the two instant motions. Doc. Ent. 62. On March 26, 2008, I entered an order granting the motion and permitting defendants until April 21, 2008 by which to file a response. Doc. Ent. 63.

On April 22, 2008, defendants filed a response opposing plaintiff's motions to supplement complaint and to amend complaint. Doc. Ent. 68.

**E.    Fed. R. Civ. P. 15 ("Amended and Supplemental Pleadings")**

Federal Rule of Civil Procedure 15 sets forth rules regarding amended and supplemental pleadings. In pertinent part, the rule states:

> **(a) Amendments Before Trial.**
>
> **(1) Amending as a Matter of Course.** A party may amend its pleading once as a matter of course:
>
>> (A) before being served with a responsive pleading; or
>>
>> (B) within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar.
>
> **(2) Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.
>
> **(3) Time to Respond.** Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the

---

[3]The March 13, 2008 amended complaint seeks injunctive, compensatory and punitive relief. Doc. Ent. 58 at 10-11.

original pleading or within 10 days after service of the amended pleading, whichever is later.

Fed. R. Civ. P. 15(a). "'The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.'" *Foman v. Davis*, 371 U.S. 178, 181-182 (1962), quoting *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

While "...the allegations of [a] pro se complaint [are held] to less stringent standards than formal pleadings drafted by lawyers..." *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "[leave to amend] is by no means automatic.'" *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993), quoting *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981). "Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision." *Hageman v. Signal L. P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir.1973), citing *Foman*, 371 U.S. at 182 (1962); accord *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993). "[T]he grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971), citing *Foman*, 371 U.S. 178 (1962) (dictum). However, the trial court must take into consideration any prejudice to the opposing party. *Zenith Radio Corp.*, 401 U.S. at 330-331; 3 *Moore's Federal Practice*, § 15.14[1] at n.4 (Matthew Bender 3d ed.).

Aside from the factors elicited in the *Foman* and *Zenith* decisions, courts may evaluate the legal sufficiency of the proposed amended claim in deciding whether to grant leave to amend. 3 Moore's Federal Practice, § 15.15[1]-[3] (Matthew Bender 3d ed.). "It is the usual practice upon granting a motion to dismiss to allow leave to replead." *Cortec Industries, Inc. v. Sum Holding,*

*L.P.*, 949 F.2d 42, 48 (2d Cir. 1991), *cert. denied*, 503 U.S. 960 (1992). "Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice." *Id*.

**F.     Analysis**

**1.**     Plaintiff's February 27, 2008 filing is based upon Fed. R. Civ. P. 15(d), which provides:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed. R. Civ. P. 15(d) ("Supplemental Pleadings."). The basis for plaintiff's motion is that "the transactions, occurrences, and events stated therein have happened since the date of the original complaint." Doc. Ent. 53 at 1. Plaintiff's March 13, 2008 motion for leave to file supplemental (amended) complaint is based upon Fed. Rules Civ. P. 15(a), 15(d) and 19(a).[4] Plaintiff relies upon *Foman* and *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 112 (6th Cir. 1989). Doc. Ent. 59 at 1.

Defendants contend that "[t]he matters complained of occurred between June 15, 2004 and January 17, 2007." Doc. Ent. 68 at 2 ¶ 3. They oppose the motions on the basis that "both . . . seek to add 10 or more new defendants, and concern incidents that occurred at another facility after Plaintiff's transfer there on July 25, 2007." Doc. Ent. 68 at 2 ¶ 4. Specifically, defendants argue: "A prisoner cannot amend a complaint and add new claims and defendants during the pendency of a lawsuit. The Court should deny Plaintiff's motion to supplement his Complaint [Doc. Ent. 53] and

---

[4]Fed. R. Civ. P. 19 concerns "Required Joinder of Parties".

motion for leave to file an amended complaint [Doc. Entries 58 and 59]." Doc. Ent. 68 at 7-9. In conclusion, defendants argue:

> Plaintiff's proposed supplemental complaint [Doc. Ent. 53] and motion to amend and proposed amended complaint [Doc. Entries 58 and 59] seek to add 10 or more new defendants, at yet another correctional facility, concerns issues different than those in the original complaint, and occurred well after the time period involved in the original complaint. Defendants have already responded tot he merits of Plaintiff's original complaint. Plaintiff should not be allowed to continue adding new claims and defendants during the pendency of this action.

Doc. Ent. 68 at 9.

**2.** To begin, plaintiff seeks to add Axelson, Boxer, Talukder, Jones, Barrett, Prasad, Kakani, Douglas, Rothhaar, Turbett and John/Jane Doe as defendants. Doc. Ent. 53 at 2; Doc. Ent. 58 at 1-2 ¶¶ 158. In his February 27, 2008 filing, plaintiff prefaces this list with the description, "Proposed Defendants For Supplemental Complaint[.]" Doc. Ent. 53 at 2. Plaintiff's March 13th amended complaint footnotes, "[t]his Amended complaint is more akin to a Supplemental Complaint, in that, it does not purport to change any facts (claims) relative to the original complaint. [T]his amended (supplemental) matter simply adds to new defendants, and sets forth facts (claims) relative to their actions and culpability." Doc. Ent. 58 at 1 n.1. Prasad, Kakani, Douglas, Rothhaar and Turbett are apparently employed at ARF. Doc. Ent. 53 at 2; Doc. Ent. 58 at 2 ¶ 158.

The February 27, 2008 "Proposed Supplemental Complaint Adding Events, Occurrences and Defendants" begins on July 25, 2007. Doc. Ent. 53 at 3 ¶ a. So does the March 13, 2008 "Amended (Supplemental) Events and Occurrences of Defendants[.]" Doc. Ent. 58 at 2 ¶ a. Both mention a December 3, 2007 emergency back surgery. Doc. Ent. 53 at 12 ¶ aa; Doc. Ent. 58 at 8 ¶ bb. Both mention a December 21, 2007 crisis. Doc. Ent. 53 at 14 ¶ dd; Doc. Ent. 58 at 9 ¶ dd. It appears that the second fall took place on December 23, 2007. Doc. Ent. 53 at 16 ¶ ii; Doc. Ent. 58 at 10 ¶ ii.

7

Both documents mention a last fall during January 2008. Doc. Ent. 53 at 16 ¶ hh; Doc. Ent. 58 at 9 ¶ hh. The latter mentions that "[a]s of March 7, 2008, Plaintiff has yet to be taken to the Office of Dr. Rawal for follow-up on his back surgery[.]" Doc. Ent. 58 at 10 ¶¶ jj.

To the extent plaintiff seeks to amend or supplement his complaint to name defendants and to set forth allegations against them regarding events and occurrences which have taken place since the filing of the April 19, 2007 original complaint, plaintiff's request is denied. As noted above, the original complaint concerns events concerning URF, JCF and JMF. According to the proposed amended complaints, plaintiff was transferred from JMF to JCF on July 25, 2007. Doc. Ent. 53 at 3 ¶ a; Doc. Ent. 58 at 2 ¶ a. He was then transferred from JCF to ARF on July 27, 2007. Doc. Ent. 53 at 3-4 ¶¶ c, d; Doc. Ent. 58 at 2 ¶¶ c, d.[5] The events underlying the period from July 27, 2007 to January 2008[6] appear to be related to events which took place while plaintiff was incarcerated at ARF. Doc. Ent. 53 at 3-4 ¶¶ c, d - Doc. Ent. 53 at 16 ¶ hh; Doc. Ent. 58 at 2 ¶¶ c, d - Doc. Ent. 58 at 9-10 ¶ hh.

**3.**     In his March 13th "amended complaint", plaintiff states that "[t]he original complaint is amended (supplemented) to add the following defendants and their claim establishing culpable acts." Doc .Ent. 58 at 1. Plaintiff alleges that "[s]ince the filing of the complaint the Plaintiff has determined that the names of the individuals here, . . . and the paragraph of allegations commencing at 155 to completion, are [added] (supplemented) to reflect the identity and the actions of these added parties." Doc. Ent. 59 at 1 ¶ 2. To the extent plaintiff seeks to add Axelson, Boxer, Talukder,

---

[5]The Court assumes that this JMF to JCF to ARF transfer is the JMF to ARF address change referred to in plaintiff's August 2007 change of address. Doc. Ent. 9.

[6]When plaintiff fell in January 2008, he was taken to the Bixby Emergency Room. Doc. Ent. 53 at 16 ¶ hh; Doc. Ent. 58 at 9 ¶ hh. There is a Bixby Medical Center in Adrian, Michigan. *See* www.yellowpages.com. ARF is located in Adrian, MI. *See* www.michigan.gov/corrections.

Jones, Barrett, Prasad, Kakani, Douglas, Rothhaar, Turbett and John/Jane Doe as defendants (Doc. Ent. 53 at 2; Doc. Ent. 58 at 1-2 ¶¶ 158), plaintiff may file a motion to amend if the allegations against them relate to the causes of action set forth in his original complaint.

## II. ORDER

In accordance with the foregoing opinion, plaintiff's motion for leave to file supplemental complaint [Doc. Ent. 53] is DENIED. Likewise, plaintiff's motion for leave to file supplemental (amended) complaint [Doc. Ent. 59] is DENIED.

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of ten (10) days from the date of service of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: 9/29/08

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on September 29, 2008.
>
> s/Eddrey Butts
> Case Manager