UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRE DAVIS,

       Plaintiff,

                           CASE NO. 07-CV-11740-DT
                           JUDGE DENISE PAGE HOOD
                           MAGISTRATE JUDGE PAUL J. KOMIVES

  v.

PATRICIA CARUSO, et al.,

       Defendants.

_____/

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' (CMS, WESTOVER AND ANTONINI) DISCOVERY MOTION FOR ACCESS TO PLAINTIFF'S COMPLETE MEDICAL RECORDS (Doc. Ent. 82)

**A.**    **Background**

Andre Davis was diagnosed with acute lymphoblastic leukemia in 2004.  Doc. Ent. 1-4 at 41.  On April 19, 2007, while incarcerated at Southern Michigan Correctional Facility (JMF), he filed this pro se prisoner civil rights complaint against sixteen (16) defendants.  Doc. Ent. 1.  The complaint is based upon an Eighth Amendment claim based upon medical care, a First Amendment claim based upon access to the grievance process, and a First Amendment retaliation claim.  Doc. Ent. 1 at 5.  Plaintiff is currently incarcerated at Muskegon Correctional Facility (MCF).[1]

Judge Hood has referred this case to me to conduct pretrial matters.  Doc. Ent. 4 at 1.  The Attorney General has filed an appearance on behalf of twelve (12) defendants: Caruso, Covert, Merling, Gardon, Ives, Lee, Burt, McMillan, Roth, Perez, Stuparek and Glasper.  Doc. Entries 12, 32 and 50.  Appearances of counsel have also been entered on behalf of defendants CMS, Westwood

_____

[1]*See* www.michigan.gov/corrections, "Offender Search."

and Antonini.  Doc. Entries 74 and 75.  It does not appear that service has been effectuated as to David Komjathy.  Doc. Entries 21, 33.[2]

**B.      The CMS Defendants' Motion for Access to Plaintiff's Complete Medical Records**

On May 28, 2008, counsel for the CMS defendants wrote to plaintiff requesting that he "sign the enclosed release and return same in the enclosed self-address, stamped envelope within 10 days from the date of this letter so that we may request and review your records in order to evaluate your claim."  Doc. Ent. 82-3 at 2.  Enclosed was an MDOC Patient's Authorization for Disclosure of Health Information which sought "[a]ny and all medical records and institutional file, including electronic records and grievances[.]"  Doc. Ent. 82-3 at 3.  The CMS defendants contend that plaintiff did not respond.  Doc. Ent. 82 at 2 ¶ 6.

On June 9, 2008, counsel for the CMS defendants wrote to plaintiff stating that "we need copies of [your medical records] to investigate your claims."  According to the letter, defense counsel enclosed "an additional copy of the Medical Release and a formal discovery request entitled Defendants' First Request for Production of Documents Directed to Plaintiff[.]" The letter advised that "[i]f you should refuse to answer same, we will make a discovery motion to compel access to your records and ask the Court to dismiss this case for failure to provide said medical records."  Doc. Ent. 82-4 at 2.  The sole request for production stated, "[p]lease provide a full and complete copy of any and all medical records pertaining to your treatment obtained through the [MDOC] or, in the alternative, provide a full and complete executed release of medical records to allow access to said medical records."  Doc. Ent. 82-4 at 6.  The CMS defendants contend that "[p]laintiff failed and/or

---

[2]According to plaintiff's complaint, Komjathy is contracted by CMS.  Doc. Ent. 1 at 2.

refused to respond to Defendants' First Request for Production of Documents in any way." Doc. Ent. 82 at 2 ¶ 7.

In their motion for access, the CMS defendants contend that "[p]laintiff's medical records are within the full custody and control of the [MDOC], not Defendants or Defendants' counsel." Doc. Ent. 82 at 3 ¶ 10. They contend that "[w]ith access to Plaintiff's medical records, Defendants' counsel can confirm or disprove any treatment of Plaintiff so as to further investigate Plaintiff's claim or conduct discovery in this case." Doc. Ent. 82 at 3 ¶ 13. The CMS defendants claim that they "do not have full knowledge of Plaintiff's medical condition and medical records and needs, hence counsel's request for access to medical records for evaluation of same." Doc. Ent. 82 at 4 ¶ 19. In the end, the CMS defendants "request that this Discovery Motion for Access to Plaintiff's Complete Medical Records be granted, or in lieu of same, Plaintiff's Complaint be dismissed with prejudice." Doc. Ent. 82 at 4.

## C.  Applicable Law

The CMS defendants' bring their motion pursuant to Fed. Rules of Civ. P. 26(b)(1) and 37(a). Doc. Ent. 82 at 11. Fed. R. Civ. P. 26(b)(1) provides:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1).

3

In pertinent part, Fed. R. Civ. P. 37(a) provides that "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery.  The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Fed. R. Civ. P. 37(a)(1).  Rule 37(a) further provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection.  This motion may be made if: . . . (iv) a party fails to respond that inspection will be permitted–or fails to permit inspection–as requested under Rule 34."  Fed. R. Civ. P. 37(a)(3)(B)(iv).

Also, Fed. R. Civ. P. 37(b) concerns the failure to comply with an order of the court.  With respect to the failure to obey a discovery order, the rule provides:

> (A) For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

>> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

>> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

>> (iii) striking pleadings in whole or in part;

>> (iv) staying further proceedings until the order is obeyed;

>> (v) dismissing the action or proceeding in whole or in part;

>> (vi) rendering a default judgment against the disobedient party; or

>> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

4

Fed. R. Civ. P. 37(b)(2).

**D.      Analysis**

**1.**      In support of their motion, the CMS defendants argue that they "are entitled to either access to plaintiff's medical records or to a dismissal for failure of plaintiff to allow access to medical records." Doc. Ent. 82 at 6, 14-20.  Not only do the CMS defendants rely upon *Hancock v. Dodson*, 958 F.2d 1367, 1373 (6th Cir. 1992) ("the federal courts do not recognize a federal physician-patient privilege[.]"), but also they contends that the application of Michigan law would render the result that "access to the medical records should be permitted." Doc. Ent. 82 at 15.  After citing *Schuler v. United States*, 113 F.R.D. 518, 520-521 (W.D. Mich. 1986), the CMS defendants assert that "Michigan law provides specifically for the disclosure of medical records once a physical or mental condition has been introduced as part of the claim." Doc. Ent. 82 at 15-16.

For example,  M.C.R. 2.314 governs the "[d]iscovery of medical information concerning party[.]"  In pertinent part, the rule provides:

> (1) When a mental or physical condition of a party is in controversy, medical information about the condition is subject to discovery under these rules to the extent that

(a) the information is otherwise discoverable under MCR 2.302(B),[3] and

(b) the party does not assert that the information is subject to a valid privilege.

(2) Medical information subject to discovery includes, but is not limited to, medical records in the possession or control of a physician, hospital, or other custodian, and medical knowledge discoverable by deposition or interrogatories.

(3) For purposes of this rule, medical information about a mental or physical condition of a party is within the control of the party, even if the information is not in the party's immediate physical possession.

M.C.R. 2.314(A).  Citing this rule, the CMS defendants claim argue that "it is abundantly clear that Plaintiff's medical records are discoverable elements in this case, to which Defendants' counsel should be allowed access."  Doc. Ent. 82 at 16-17.

The CMS defendants also rely upon Mich. Comp. Laws § 330.1750.  Doc. Ent. 82 at 17.  In part, the statute provides that "[p]rivileged communications shall be disclosed upon request under 1 or more of the following circumstances:  (a) If the privileged communication is relevant to a physical or mental condition of the patient that the patient has introduced as an element of the

---

[3]M.C.R. 2.302 is titled, "[g]eneral rules governing discovery[.]" The scope of discovery is generally defined as follows:

Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of another party, including the existence, description, nature, custody, condition, and location of books, documents, other tangible things, or electronically stored information and the identity and location of persons having knowledge of a discoverable matter. It is not ground for objection that the information sought will be inadmissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

M.C.R. 2.302(B)(1).

patient's claim or defense in a civil or administrative case or proceeding or that, after the death of

the patient, has been introduced as an element of the patient's claim or defense by a party to a civil

or administrative case or proceeding."   Mich. Comp. Laws § 330.1750(2)(a).   It is the CMS

defendants' position that "under section (2)(a), Plaintiff's medical record must be released, as he has

introduced his physical condition in his claim."  Doc. Ent. 82 at 17.

The CMS defendants also contend that "there is a clear intent by the Courts to not permit

parties to prevaricate by not releasing medical records that will later be at issue in a case."  Doc. Ent.

82 at 17.  Here, the CMS defendants rely upon *Huzjak v. United States*, 118 F.R.D. 61 (N.D. Ohio

1987), wherein the court stated:

> A party may not assert the physician/patient privilege merely as a means to
> circumvent the discovery process. One of the primary goals of the Federal Rules of
> Civil Procedure is to avoid unfair surprise to the litigants at trial by affording all
> litigants with an opportunity to obtain all relevant information regarding their case.
> To allow a plaintiff to shield information during discovery and then utilize the
> information at trial would result in manifest injustice.

*Huzjak*, 118 F.R.D. at 64 (citing *Mariner v. Great Lakes Dredge & Dock Co.*, 202 F.Supp. 430 (N.D.

Ohio 1962)).  The court also stated, "[n]o justification for delaying discovery exists if waiver is

reasonably probable. Such delay would seriously undermine the opportunity of the opposition to

effectively prepare for trial and is likely to interrupt the smooth progression of the trial."  *Huzjak*,

118 F.R.D. at 65.

The CMS defendants seek to "reserve the right to review all of Plaintiff's medical records

with the MDOC and otherwise to determine Plaintiff's mental and physical health history and the

impact of same upon his current allegations."  It is their position that "[a] review of Plaintiff's entire

health history is necessary, as those records may reflect on the incidents and condition in question,

as would his interactions with medical staff and cooperation with medical treatment, and any further

7

injuries that might reflect on the incident in question, etc." Doc. Ent. 82 at 19. According to the CMS defendants, "other conditions and notes made in the medical documentation can reflect on specific incidents." Doc. Ent. 82 at 19. They also state that "[m]edical records are, therefore, necessary to verify even the most basic parts of an inmate's claims, including mental health records-hence the routine request by counsel for the release of records, so that the claim may be adequately explored." Doc. Ent. 82 at 19-20.

**2.**      Plaintiff also cites *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639 (1976), which arose "out of the dismissal, under Fed. Rule Civ. Proc. 37, of respondents' antitrust action against petitioners for failure to timely answer written interrogatories as ordered by the District Court." *National Hockey League*, 427 U.S. at 639. The Supreme Court stated, "as in other areas of the law, the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *National Hockey League*, 427 U.S. at 643.

The CMS defendants contend that without an order granting them full access to plaintiff's medical records, they "cannot adequately defend this current suit, and it should be dismissed." Doc. Ent. 82 at 20. As noted above, the CMS defendants have filed a motion to dismiss pursuant to Fed. R. Civ. P. 41(b). Doc. Ent. 97. The appropriateness of an involuntary dismissal under Rule 41(b) will be addressed under separate cover.

**3.**      The CMS defendants conclude that "[b]oth the nature of Plaintiff's claims and the state and federal law concerning litigating medical issues call for full access to medical records. There is no relevant federal privilege preventing disclosure. Plaintiff's medical records are essential for

adequate review and preparation of a defense in this matter.  Defendants must have full access to Plaintiff's medical records."  Doc. Ent. 82 at 20.

Upon consideration, **t**he CMS defendants' motion is granted to the extent it seeks an order permitting them "access to plaintiff's complete medical records[.]" Doc. Ent. 82 at 20.  To begin, the local rules of this Court provide that "[a] respondent opposing a motion must file a response, including a brief and supporting documents then available." E.D. Mich. LR 7.1(b).  Furthermore, the same rule provides that "[a] response to a nondispositive motion must be filed within 14 days after service of the motion." E.D. Mich. LR 7.1(d)(2)(B).  Although the instant motion includes a proof of service of this motion by mail to participants not involved in the electronic filing system (Doc. Ent. 82 at 21), plaintiff has not filed a timely response to the CMS defendants' motion for complete access to plaintiff's medical records.

Furthermore, I persuaded that the CMS defendants are entitled to the information sought. To begin, "the federal courts do not recognize a federal physician-patient privilege," *Hancock*, 958 F.2d at 1373.  Also, based upon the medical claims asserted in the compliant, the information requested is relevant under Fed. R. Civ. P. 26(b)(1).  In the absence of a response from plaintiff asserting why there should be a limitation on the disclosure of his medical records,[4] I agree with the

_____

[4]On December 5, 2008, following the CMS defendants' filing of a Rule 41(b) motion to dismiss, plaintiff filed a response in which he states that defendants "are making broad requests for medical records, without specifying what it is, exactly, they want."  He claims that "[w]hen the Court schedules discovery in this case, [he] will release medical records relevant to this litigation." Doc. Ent. 101 at 8.

Plaintiff appears to be waiting for a Fed. R. Civ. P. 16(b) scheduling order to issue. He states that he "has not received any Order from the Court regarding [the issue of his medical records][,]" and the parties "have not yet reached the point in litigation where discovery is necessary."  He "understands, that in prisoner litigation, discovery is not instituted until summary [judgment] has been determined." Doc. Ent. 101 at 8.

CMS defendants that "[b]y raising issues of denial of access to appropriate medical treatment by Defendants, Plaintiff has clearly placed into contest all of his medical history, especially when Plaintiff cites a specific condition which he claims is not being properly treated." Doc. Ent. 82 at 18. In other words, as the CMS defendants state, "Plaintiff's allegations bring his physical condition and medical records into question and make Plaintiff's health records a legitimate source of inquiry and investigation into the factual basis of his claims." Doc. Ent. 82 at 19.

Finally, I agree that "[w]ithout the ability to verify any alleged treatment, or lack thereof, counsel is hampered severely in the investigation of the basis of Plaintiff's claims and discovery in this case." Doc. Ent. 82 at 20.

**E.      Order**

Consistent with the foregoing opinion, the CMS defendants' discovery motion for access to plaintiff's complete medical records (Doc. Ent. 82) is GRANTED. Plaintiff shall provide the CMS defendants with either a response to the request to produce or with an executed authorization for disclosure of health information within thirty (30) days of the date of this order. Plaintiff is cautioned that a failure to comply with this order may result in dismissal pursuant to Fed. R. Civ. P. 37(b) or Fed. R. Civ. P. 41(b).

IT IS SO ORDERED.

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of ten days from the date of service of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

s/Paul J. Komives
PAUL J. KOMIVES
Dated: 3/31/09                    UNITED STATES MAGISTRATE JUDGE

10

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record   by electronic means or U.S. Mail on March 31, 2009.

s/Eddrey Butts
Case Manager