UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRE K. DAVIS,

        Plaintiff,                      Case No. 07-11740

vs.                                      HONORABLE DENISE PAGE HOOD

PATRICIA CARUSO, et al.,

        Defendants.
_____/

**ORDER ACCEPTING REPORT AND RECOMMENDATION REGARDING
DEFENDANTS CMS AND ANTONNI'S MOTION TO DISMISS PURSUANT TO
RULES 41(b) (Doc. Ent. 134) and DEFENDANTS IVES, MCMILLAN AND ROTH'S
MOTION TO DISMISS PURSUANT TO RULES 41(b) AND 37(b)(Doc. Ent. 136)**

This matter is before the Court on Magistrate Judge Paul J. Komives' Report and Recommendation ("R&R") **[Docket No. 140, filed on September 2, 2010]**. Plaintiff Andre Davis filed objections to R&R **[Docket No. 145, filed on September 22, 2010]**, as well as a Plaintiff's Rule 201, Federal Rule of Evidence Request for Judicial Notice. **[Docket No. 144, filed on September 22, 2010]**. For the reasons set forth below, the Court accepts the R&R.

**I.    STANDARD OF REVIEW**

The standard of review to be employed by the Court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(B)(1). This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate."

1

## II. ANALYSIS

The Report and Recommendation recommends dismissal of this Plaintiff's case with prejudice, based on Plaintiff's failure to comply with repeated court orders to produce a response to the request to produce documents or with an executed authorization for disclosure of health information within thirty days of the court order. Both the March 31, 2009 Order and the December 10, 2009 Order [Docket No. 131] warned Plaintiff that failure to comply with the court's order could result in the dismissal of his case.

Plaintiff objects on the basis that the language of the March 31, 2009 Order, which granted access to Plaintiff's complete medical records, gave him the option of "providing the CMS defendants with either a response to the request to produce or with an executed authorization for disclosure of health information within thirty (30) days of the date of this order." Plaintiff states that he opted to respond to the request to produce on May 4, 2009, by seeking to limit the range of Defendants' discovery request. However, subsequent to this order, there was the December 10, 2009 Order that explicitly stated "Plaintiff shall provide a signed authorization to defendants within 30 days of the date of this order. Plaintiff is explicitly warned that failure to sign the authorization will result in a recommendation that the District Judge dismiss the case."

The Court notes that, following the December 10, 2009 Order, Plaintiff filed a "Request for Honorable Judge Hood to Intervene." [Docket No. 132]. Even if construed as an untimely appeal of the December 10, 2009 Order, the request is moot. The Magistrate Judge denied Defendants' motion to dismiss. Furthermore, at that time, the Magistrate Judge had not yet recommended dismissal of Plaintiff's case.

Plaintiff also objects on the basis that the Magistrate Judge has not considered the attachments to Plaintiff's May 10, 2010 response to the MDOC Defendants' Motion to Dismiss. Plaintiff states that he never received the authorization from the MDOC Defendants, but instead received documentation intended for another individual. The Magistrate Judge notes that were two attempts following the order to provide Plaintiff with another authorization, on January 22, 2010 by the CMS defendants and on February 4, 2010 by the MDOC defendants. To date, it appears that Plaintiff has not provided authorization to his full and complete medical records. As the Magistrate Judge notes, it has been almost two years since Plaintiff was first requested to provide Defendants with access to his full medical records. While Plaintiff may never have received another copy of the authorization within thirty days of the date of the order, Plaintiff was on notice that he had thirty days to provide an authorization. The Magistrate Judge notes that the authorization appears to be an MDOC Bureau of Health Care Services Form, which Plaintiff could have accessed. Even if Plaintiff did not have access to an official form, he knew what was repeatedly requested of him, and could have written a letter authorizing access to his full and complete medical records.

Plaintiff's objections allege that the Magistrate Judge has made a "negative insinuation," or "arbitrary references" to Plaintiff being transferred. The Magistrate Judge notes the dates on which Plaintiff claims to have made transfers, and filed notices to change his address with the court. This Court finds that Plaintiff's veracity relative to his transfers has been called into question in the R&R., but the transfers were not used against him in deciding the motion.

Plaintiff also filed a request for the Court to take judicial notice of the Michigan

Department of Corrections Policy Directive, which he states made his medical records available to MDOC Defendants' counsel by virtue of Plaintiff's incarceration. This request is moot. Despite other avenues through which his medical records could have been accessed, Plaintiff was under court order to provide authorization for all defendants to access his full and complete medical records and failed to do so. It is unclear why Plaintiff has failed to comply with the Court's order, and Plaintiff has not given a valid reason for such failure.

## IV.   CONCLUSION

For the reasons set forth above and in the Report and Recommendation,

**IT IS ORDERED** that Magistrate Judge Paul J. Komives' Report and Recommendation ("R&R") **[Docket No. 140, filed on September 2, 2010]** is **ACCEPTED** and **ADOPTED** as this Court's findings and conclusions of law.

**IT IS FURTHER ORDERED** that Plaintiff's Rule 201, Federal Rule of Evidence Request for Judicial Notice. **[Docket No. 144, filed on September 22, 2010]** and Plaintiff's Request for Honorable Judge Hood to Intervene **[Docket No. 132, filed on January 25, 2010]** are **MOOT.**

**IT IS FURTHER ORDERED** that this matter is **DISMISSED.**


S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  September 28, 2010

I hereby certify that a copy of the foregoing document was served upon Andre K. Davis, Reg. No. 198028, E. C. Brooks Correctional Facility, 2500 S. Sheridan Rd., Muskegon Heights, MI 49444 and counsel of record on September 28, 2010, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager